UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SHARON MCCALMAN and MICHAEL PARKES,

                            Plaintiffs,

                     -against-

Police Officer YEVGENIY ZAYTSEV, Shield No. 12848; Police Officer SAEED NIEVES, Shield No. 17115; Lieutenant JOZSEF BAN; Lieutenant ANTONIO HERNANDEZ; Police Officer LYNN DILIETO, Shield No. 22211; Sergeant JARED HOSPEDALES, Shield No. 03299; Police Officer JAMES ROCK, Shield No. 20075; Police Officer STEPHAN PELAN, Shield No. 05055; and JOHN and JANE DOE 6 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 4805 (JBW) (RML)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Sharon McCalman ("Ms. McCalman") is a resident of Queens County in the City and State of New York.

7. Plaintiff Michael Parkes ("Mr. Parkes") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Yevgeniy Zaytsev, Shield No. 12848 ("Zaytsev"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zaytsev is sued in his individual and official capacities.

9. Defendant Police Officer Saeed Nieves, Shield No. 17115 ("Nieves"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nieves is sued in his individual and official capacities.

10. Defendant Lieutenant Jozsef Ban ("Ban"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ban is sued in his individual and official capacities.

11. Defendant Lieutenant Antonio Hernandez ("Hernandez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hernandez is sued in his individual and official capacities.

12. Defendant Police Officer Lynn Dilieto, Shield No. 22211 ("Dilieto"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dilieto is sued in his individual and official capacities.

13. Defendant Sergeant Jared Hospedales, Shield No. 03299 ("Hospedales"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hospedales is sued in his individual and official capacities.

14. Defendant Police Officer James Rock, Shield No. 20075 ("Rock"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rock is sued in his individual and official capacities.

15. Defendant Police Officer Stephan Pelan, Shield No. 05055 ("Pelan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pelan is sued in his individual and official capacities.

16. At all times relevant defendants John and Jane Doe 6 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 6 through 10.

17. At all times relevant herein, defendants John and Jane Doe 6 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 6 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19. At approximately 7:15 p.m. on May 9, 2013, plaintiffs were lawfully travelling in Mr. Parkes' automobile in the vicinity of 150th Street and N. Conduit Avenue in Queens, New York.

20. Mr. Parkes was driving the vehicle and Ms. McCalman was in the passenger seat.

21. The defendants pulled plaintiffs over without probable cause or reasonable suspicion to believe they had committed any crime or offense, approached the vehicle, falsely accused Mr. Parkes of littering and demanded Mr. Parkes' driver's license.

22. Mr. Parkes complied, explaining that he had not littered.

23. The defendants walked to their police car and returned some time later.

24. The defendants stated, in sum and substance, that they were going to ticket Mr. Parkes for littering.

25. Mr. Parkes and Ms. McCalman asked the officers, in sum and substance, why they were issuing a ticket when no offense had been committed.

26. Additional defendant officers arrived on the scene and plaintiffs were taken out of the vehicle, handcuffed and falsely arrested.

27. Plaintiffs were taken to a police precinct.

28. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiffs commit various offenses and prepared false paperwork to this affect, including arrest reports.

29. At no point did the officers observe plaintiffs commit any crime or offense.

30. After approximately five hours in the precinct, plaintiffs were taken to Queens Central Booking.

31. Approximately 24 hours later, plaintiffs were arraigned, all criminal charges were adjourned in contemplation of dismissal and they were released.

32. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, lost wages and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

-5-

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiffs.

41. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

42. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Failure To Intervene**

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 21, 2014
            New York, New York

                                         HARVIS WRIGHT & FETT LLP

                                         /s/ Gabriel Harvis
                                         _____
                                         Gabriel Harvis
                                         305 Broadway, 14th Floor
                                         New York, New York 10007
                                         (212) 323-6880
                                         gharvis@hwandf.com

                                         *Attorneys for plaintiffs*