UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SHARON MCCALMAN and MICHAEL
PARKES,

                                Plaintiffs,                       13 CV 4805 (JBW) (RML)

                -against-

 Police Officer YEVGENIY ZAYTSEV,
 Shield No. 12848, et al.,

                            Defendants.
-------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# FOR ATTORNEYS' FEES AND COSTS

HARVIS WRIGHT & FETT LLP
Gabriel P. Harvis, Esq.
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiffs*

June 4, 2014

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .............................................................................................................................2

      THE FEES, COSTS AND EXPENSES SOUGHT ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY.................................................................................................2

          A.    Legal Standard ........................................................................2

          B.    The Rates Sought Are Reasonable .......................................3

          C.    The Requested Hours Are Reasonable .................................6

CONCLUSION .........................................................................................................................9

# TABLE OF AUTHORITIES

**Case**                                                              **Pages**

*Artemide Inc. v. Spero Elec. Corp.*, 09-CV-1110 (DRH) (ARL), 2010 WL 5452075 (E.D.N.Y. Nov. 23, 2010) ......4

*Blum v. Stenson*, 465 U.S. 886 (1984) ...... 3,4

*Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04-CV-2947 2011 U.S. Dist. LEXIS 18194 (E.D.N.Y. Feb. 23, 2011) ......8

*Davis v. City of New Rochelle*, 156 F.R.D. 549 (S.D.N.Y. 1994) ...... 6,7

*Fobotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005) ......5

*Fryar v. City of New York*, 10-CV-5879 (TLM) (MDG) ......4

*Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979) ......7

*Hargroves v. City of New York*, 03-CV-1668 (RRM) (VMS), 2014 WL 1270585 (E.D.N.Y. Jan. 6, 2014) *report and recommendation adopted*, 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014) ......5

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...... 2,6

*Lucas v. Port Authority*, 12-CV-3096 (CM) ......4

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407 (2d Cir. 1987) ......3

*Natural Resources Defense Council, Inc. v. Fox*, 129 F. Supp. 2d 666 (S.D.N.Y. 2001) ......7

*New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136 (2d Cir. 1983) ...... 6,7

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ...... 2,4

*Polk v. New York State Dep.'t of Corr. Servs.*, 722 F.2d 23 (2d Cir. 1983) ......3

*Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201 (E.D.N.Y. 2008) ......8

*Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) ......7

**Case** **Pages**

*Reiter v. MTA N.Y. City Transit Auth.*, 457 F. 3d 224 (2d Cir. 2006)..................................3

*Rodriguez v. Pressler & Pressler, LLP*, 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009)..................................................................................................2

*Tips Exports, Inc. v. Music Mahal, Incl.*, 01-CV-5412, 2007 U.S. Dist. LEXIS 84399 (E.D.N.Y. Mar. 27, 2007) ..............................................................................8

*Torres v. City of New York,* 07-CV-3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008) ..................................................................................................2

*Townes v. City of New York*, 12-CV-3201 (BMC), 2013 WL 153726 (E.D.N.Y. Jan. 15, 2013) ..................................................................................................4

*Thorsen v. County of Nassau*, 03-CV-1022 (ARL), 2011 WL 1004862 (E.D.N.Y. Mar. 17, 2011) ..................................................................................................4

*Trichilo v. Secretary of Health & Human Servs.*, 823 F.2d 702 (2d Cir. 1987), *reaff'd and extended*, 832 F.2d 743 (2d Cir. 1987).............................................................7

*Wise v. Kelly,* 620 F.Supp.2d 435, 443-47 (S.D.N.Y. 2008) ..................................................2

**Rule**

Fed. R. Civ. P. 68...................................................................................................... 1,4

Fed. R. Civ. P. 54........................................................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
SHARON MCCALMAN and MICHAEL
PARKES,

                          Plaintiffs,                    13 CV 4805 (JBW) (RML)

          -against-

Police Officer YEVGENIY ZAYTSEV,
Shield No. 12848, et al.,

                      Defendants.
---------------------------------------------------------- x

## Preliminary Statement

This case concerns allegations by the plaintiffs that police officers unlawfully stopped, falsely arrested and fabricated evidence against them.  The incident arises from a traffic stop in Queens, New York on May 9, 2013 in which the plaintiffs were arrested on charges of disorderly conduct and resisting arrest and held for 27 hours before receiving adjournments in contemplation of dismissal at arraignment.  On April 30, 2014, defendants served an offer of judgment on plaintiff Michael Parkes pursuant to Fed. R. Civ. P. 68 in the amount of $10,001, plus reasonable attorney's fees, expenses and costs to the date of the offer.  *See* Docket Entry No. 21.  Plaintiff filed a notice of acceptance on May 12, 2014, *id.*, and judgment was entered on May 21, 2014.  *See* Docket Entry No. 26.

Plaintiff now moves for an award of attorney's fees, expenses and costs in the amount of $19,678.50, pursuant to Fed. R. Civ. P. 54 and the express terms of the defendants' offer of judgment.

## ARGUMENT

### POINT I

**THE FEES, COSTS AND EXPENSES SOUGHT ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY**

### A. Legal Standard

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see, e.g.*, *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009); *Torres v. City of New York*, 07 CV 3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, 05 CV 5442 (SAS) (THK), 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008). In a recent decision, *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence." 130 S. Ct. 1662, 1672 (2010) (internal quotes and citations omitted). The Court further noted that this method was "readily administrable" and "objective;" and that "there is a 'strong

presumption' that the lodestar figure is reasonable." *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Courts may rely upon their own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The plaintiff Michael Parkes is entitled to recover his legal fees based on an evaluation of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, both counsel's rates and the amount of time spent on the litigation are reasonable, and thus plaintiff should be permitted to recover the full amount sought.

## B.     **The Rates Sought Are Reasonable**

Mr. Harvis' requested hourly rate is $375. Mr. Harvis has extensive experience in federal civil rights litigation and trial practice. *See* Declaration of Gabriel P. Harvis dated June 4, 2014 ("Harvis Decl."), ¶¶ 2-18.

This is Mr. Harvis' fourth application for a judicial award of attorney's fees. Following trial of *Fryar v. City of New York* before the Hon. Tucker L. Melancon in September 2011, he was awarded $285 per hour.  *See* Report and Recommendation of the Hon. Marilyn D. Go, Docket Entry No. 55 (E.D.N.Y. Aug. 22, 2012), Harvis Decl., Exhibit 10.   After the plaintiff's acceptance of a Rule 68 Offer in *Townes v. City of New York*, the Hon. Brian M. Cogan set Mr. Harvis' rate at $300 per hour. 12-CV-3201 (BMC), 2013 WL 153726 (E.D.N.Y. Jan. 15, 2013).   Earlier this year, the Honorable Colleen McMahon awarded Mr. Harvis plaintiff's requested hourly rate of $350 in *Lucas v. Port Authority*. 12-CV-3096 (CM), Docket Entry No. 58 (S.D.N.Y. Feb. 12, 2014).  Harvis Decl. ¶ 25 and Exhibits 2 and 3 thereto.

Courts in this district have awarded similar rates to civil rights counsel of Mr. Harvis' ability, expertise and experience.  *See Artemide Inc. v. Spero Elec. Corp.*, 09-CV-1110 (DRH) (ARL), 2010 WL 5452075 (E.D.N.Y. Nov. 23, 2010) ("Current prevailing rates for partners in the Eastern District range from $350 to $450." (citations omitted)); *see also Thorsen v. County of Nassau*, 03-CV-1022 (ARL), 2011 WL 1004862 at *5 (E.D.N.Y. Mar. 17, 2011) (collecting cases).  The National Law Journal survey and Laffey Matrix, along with the Declaration of Scott A. Korenbaum, demonstrate that $375 per hour is well within the range of "prevailing market rates in the relevant community," *Perdue*, 130 S. Ct at 1672 (quoting *Blum*, 465 U.S. at 895);

Harvis Decl., Exhibits 4, 5 and 6.  Determining an appropriate hourly fee "may, of course, include judicial notice of the rates awarded in prior cases." *Fobotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

Plaintiff seeks a $475 hourly rate for the work Ms. Fett performed in this case. Ms. Fett has over sixteen years of specialized experience in civil rights litigation, as both plaintiffs' counsel and a senior government defense attorney.  Declaration of Baree N. Fett dated June 4, 2014 ("Fett Decl."), ¶¶ 2-11.  She has litigated over 195 civil rights cases, including a trial in which a jury awarded her client over $20 million. Fett Decl. ¶ 5.  The rate plaintiff proposes for Ms. Fett is in line with those awarded to attorneys of comparable experience and skill.  *Hargroves v. City of New York*, 03-CV-1668 (RRM) (VMS), 2014 WL 1270585, *12 (E.D.N.Y. Jan. 6, 2014) *report and recommendation adopted*, 03-CV-1668 (RRM) (VMS), 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014) (collecting cases).

Attached to Ms. Fett's declaration is the declaration of Jon L. Norinsberg, a distinguished civil rights attorney, who states that Ms. Fett's requested hourly rate is reasonable for an attorney of her experience and skill.  Fett Decl. ¶ 13 and Exhibit 1 thereto.

## C.      The Requested Hours Are Reasonable

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Exhibit 1 to the Harvis Declaration contains accurate, detailed and contemporaneous time records maintained by plaintiffs' counsel's firm. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed.

Mr. Harvis spent a total of 39.7 hours on this litigation (including .3 hours of administrative time). At his requested hourly rate of $375 (and $90 per hour for administrative work), plaintiff is requesting $14,802. Ms. Fett spent a total of 9.9 hours on this litigation, including .6 hours of administrative time. At her proposed hourly rate of $475 (and $90 per hour for administrative time) plaintiff Michael Parkes is requesting $4,471.50. Harvis Decl. ¶ 32 and Exhibit 1; Fett Decl. ¶ 16.

The attorneys' fees sought herein include compensation for the time spent preparing the instant fee application. It is well-settled that attorneys should be compensated for "'time reasonably spent by plaintiff's attorneys in establishing their fee' pursuant to fee-shifting statutes, such as § 1988." *Davis v. City of New Rochelle*, 156

F.R.D. 549, 560 (S.D.N.Y. 1994) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980)); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996); *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The time submitted for preparing this fee application is 7.73 hours by Mr. Harvis and 2.63 by Ms. Fett, which is 20.8% of the total time claimed for work on this case. "The Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed…[and] other courts within this Circuit have awarded fee application awards in the range of 8 to 24 percent of the total time claimed." *Natural Resources Defense Counsel, Inc. v Fox*, 129 F. Supp. 2d 666, 675 (S.D.N.Y 2001) (quoting *Davis*, 156 F.R.D. 549, 561 (S.D.N.Y. 1994)); *see Trichilo v. Secretary of Health & Human Servs.*, 823 F.2d 702 (2d Cir. 1987), *reaff'd and extended*, 832 F.2d 743 (2d Cir. 1987) (approved fee application constituting 24% of total time claimed).[1]

As reflected in counsel's time records, annexed as Exhibit 1 to the Harvis Decl., there were no excessive, unnecessary or duplicative expenditures of time. Indeed, every effort was made to work efficiently and quickly. This is borne out by

---

[1] If necessary, plaintiff will supplement his request for fees and costs to reflect all work done on this matter from this point forward – such as a Reply to the defendants' Opposition or work to be performed in response to the Court's actions with respect to this fee application, including any appeal the parties may take.

the time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

Finally, the Court should award plaintiff Michael Parkes $405 in costs.  Mr. Parkes' share of the filing fee of $400 is a critical and unavoidable cost in the case, without which there would be no action, and the $205 spent on his behalf for service of process and to obtain his criminal complaint are similarly necessary.  As the Hon. Joanna Seybert held, "[c]osts are ordinarily recoverable where they are 'incidental and necessary to the litigation.'"  *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04 CV 2947, 2011 U.S. Dist. LEXIS 18194 at 14 (E.D.N.Y. Feb. 23, 2011) (*quoting Tips Exports, Inc. v. Music Mahal, Inc.*, 01 CV 5412, 2007 U.S. Dist. LEXIS 84399, at *11 (E.D.N.Y. Mar. 27, 2007)).  Moreover, Judge Seybert found, "[t]hese costs routinely include filing fees, process servers, postage, travel, and photocopying."  *Id.*; *see also Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 210-11 (E.D.N.Y. 2008) (reviewing numerous cases in which courts held that attorneys have a right to recover the costs of filing, service of process, photocopying, travel, postage, and express mail).

## **CONCLUSION**

For the foregoing reasons, the Court should award plaintiff the entirety of the

legal fees requested, in the amount of $19,273.50, as well as costs in the amount of

$405, for a total award of $19,678.50.

Dated:     June 4, 2014
           New York, New York

                              HARVIS WRIGHT & FETT LLP


                              _____
                              Gabriel P. Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwandf.com

                              *Attorneys for plaintiffs*


To:     Daniel Braun, Esq. (by ECF)